UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LANG,

    Plaintiff,

v.

MR. PINKS COLLECTION AGENCY, LLC,
JOHN BRETT SMITH, and
KINGS INTERNATIONAL, LLC,          Civil Case No. 13-14447
                                                    Honorable Linda V. Parker

    Defendants.
_____/

JOHN BRETT SMITH,

    Cross-Plaintiff,

v.

MR. PINKS COLLECTION AGENCY, LLC
and KINGS INTERNATIONAL, LLC,[1]

    Cross-Defendants.
_____/

## OPINION AND ORDER DENYING MOTIONS FOR BOND

    On October 23, 2013, Plaintiff Brian Lang ("Lang") filed this lawsuit against Defendants Mr. Pink Collection Agency, LLC ("Mr. Pink"), John Brett Smith ("Smith"), and Kings International, LLC ("Kings"). In his Complaint, Lang asserts

---

[1] Wang Suo Qui Ying was named as a defendant and cross-defendant. By stipulation of the parties, however, he was dismissed from this lawsuit on July 29, 2014. (ECF No. 35.)

claims under Michigan law, only. (ECF No. 1.) Smith filed a cross-complaint against Mr. Pink and Kings on June 6, 2014, also alleging claims under Michigan law, only. (ECF No. 18.) Kings and Mr. Pink have filed motions asking the Court to order Lang and Smith to post bonds pursuant to Michigan Compiled Laws Section 600.741. (ECF Nos. 24-27.) Smith and Lang have filed oppositions to the motions. (ECF Nos. 28, 31.) For the reasons that follow, the Court denies the motions.

Section 600.741 provides:

> In all civil actions where sections 705, 715, 725 or 735 constitute the basis of jurisdiction of a defendant, on such defendant's motion the court shall require the plaintiff to post a bond to such defendant with 2 or more sureties to be approved by the judge or clerk of court, or with a surety company authorized to do business in this state, in the sum to be fixed by the court conditioned that in the event judgment is not rendered in favor of such plaintiff, so much of the penalty of said bond as may be required shall be applied to the satisfaction of any judgment for court costs and to defray the actual expenses of such defendant incurred in defending the action (but not to include attorney's fees). If plaintiff prevails in the action, he may tax as costs in the case his reasonable expense in procuring the bond furnished.

Mich. Comp. Laws § 600.741 (footnote omitted). Mr. Pink and Kings contend that because jurisdiction over them is premised on the statutes identified in section 600.741, this Court must require Lang and Smith to post bonds under this provision. Their argument might have merit if this case were pending in state court.

Section 600.741 is a procedural statute governing proceedings in the Michigan state courts. State procedural rules do not apply in federal court proceedings. "Under

the *Erie* doctrine, state law must provide the substantive legal principles in a diversity case, while federal law governs procedure." *Losey v. N. Am. Philips Consumer Elec. Corp.,* 792 F.2d 58, 61-62 (6th Cir. 1986) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Jurisdiction in this case is based upon diversity of citizenship. As such, Section 600.741 has no applicability to this lawsuit and this federal court is not obligated to require Lang or Smith to post a bond to proceed.

Accordingly,

**IT IS ORDERED**, that the motions for bond filed by Mr. Pink Collections, LLC and Kings International, LLC [ECF Nos. 24-27] are **DENIED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 27, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 27, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager